UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY KELLY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5080** |
| **JACKSON PARISH CORRECTIONAL CENTER, ET AL.** | **SECTION "G"(3)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b) and (c), § 1915e(2), and §1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.     Factual Summary**

Plaintiff, Larry Kelly, is currently incarcerated in the Riverbend Detention Center in Lake Providence, Louisiana. Plaintiff submitted this *pro se* and *in forma pauperis*[1] civil rights complaint pursuant to Title 42 U.S.C. § 1983, against the Jackson Parish Correctional Center; its current

---

[1] The Court directed the Clerk by separate Order to file this complaint without prepayment of a filing fee. The application for pauper status is deferred to the Western District of Louisiana for determination and collection pursuant to Title 28 U.S.C. § 1915.

Warden - Timothy Ducote; former Jackson Parish Warden - Billy Tigner; Chief of Security - Lt. Swearington; and LaSalle Management as alleged owner of the facility. He alleges that in November 2012, he was attacked and beaten by another inmate and that he was denied proper medical care. (Rec. Doc. No. 1, Complaint). Plaintiff requests injunctive relief and monetary compensation.

## II. General Venue Statute

Title 42 U.S.C. § 1983 does not contain a specific venue provision. Venue, however, is determined under Title 28 U.S.C. § 1391, also known as the general venue statute. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). Section 1391(b) provides, in pertinent part, that a civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Title 28 U.S.C. §§ 1406(a) and 1404(a) allow transfer of a case from one district to another district or division in which venue is proper, for the convenience of parties and witnesses and in the interest of justice. See *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999). Having reviewed the record, the Court finds that venue in the Eastern District of Louisiana is improper.

## III. Proper Venue

Plaintiff's cause of action arose at the Jackson Parish Correctional Center in Jonesboro, Louisiana. Jackson Parish lies within the geographical boundaries of the United States District

Court for the Western District of Louisiana. 28 U.S.C. § 98(c). No defendant is alleged to reside in or to be located within the Eastern District. All of the events that form the factual basis of plaintiff's action occurred within Jackson Parish in the Western District of Louisiana. Therefore, the Court finds that it is in the interest of justice and fairness to the parties that this civil action be transferred to the Western District of Louisiana for further consideration.

## IV.  Recommendation

It is therefore **RECOMMENDED** that the captioned matter be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this  16th  day of July, 2013.

                                                  **DANIEL E. KNOWLES, III**
                                                  **UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.